ORDER DISMISSING MOTION FOR REVIEW OF TRIBAL COUNCIL DECISION ON ETHICS COMPLAINT AGAINST TRIBAL COUNCIL CHAIR
KATHARINE ENGLISH, Chief Judge.
ISSUE: Tribal member, Andrew Jenness, alleged that Tribal Council Chair, Kathryn Harrison, had violated the Tribe’s Ethics Ordinance. The Tribal Council conducted a hearing on that complaint and found that Chair Harrison had not violated the Ethics Ordinance. No remedy was imposed against her. Mr. Jenness appealed to the Tribal Court. The issue presented is *79 whether or not Mr. Jenness can seek reversal of the Tribal Council’s findings.
BACKGROUND:
Tribal Code, Sec. 275, “Tribal Ethical Standards Ordinance” sets forth specific standards governing the conduct of Tribal Council members, Tribal officials, and Tribal employees. Under that Ordinance, Petitioner Andrew Jenness brought an ethics complaint against Tribal Council Chair, Kathryn Harrison, alleging violations of the Ordinance. Under the Ordinance, the Council has the duty to investigate and hold a hearing on such a complaint. The Tribal Council conducted a hearing in response to the complaint. On September 14, 1999, the Tribal Council issued a decision, concluding that Ms. Harrison had not violated the Ordinance. No sanction was imposed.
On October 8, 1999, complainant, Andrew M. Jenness, filed a motion with the Tribal Court seeking review of the findings and opinion issued by the Tribal Council. Subsequently, the Tribal Attorney’s Office moved to dismiss the proceeding. For the reasons that follow, the Court grants the motion.
The proceeding before the Tribal Council involved a written allegation of ethics violations allegedly committed by Council Chair, Kathryn Harrison. The allegations related to a recommendation that Mr. Jenness be appointed to a vacancy on the Grande Ronde Gaming Commission and to the handling of that recommendation. Ultimately, in its findings and opinion, the Tribal Council found that Chair Harrison’s “actions d[id] not rise to the level of ethical violations.” (Findings and Opinion 8). Consequently, no sanction was imposed. Mr. Jenness then filed his motion asking this court to review the Tribal Council’s decision and contending that his Tribal Constitutional or his civil rights had been violated and that the Council’s findings were arbitrary and capricious.
The Tribal Attorney, on behalf of the Tribal Council and Chair Harrison, has filed a Motion to Dismiss.
ANALYSIS:
The Tribal Attorney’s motion to dismiss is based on the contentions that:
(1) the Court lacks jurisdiction because no sanction was imposed by the Council; and
(2) Mr. Jenness lacks standing because a) he was not harmed by the Council’s decision, b) his rights and interests were not at stake in the Council proceeding, c) there was no causal connection between his injury and the conduct complained of, d) his injury, if any, cannot be remedied by reversal of the Council action, and e) the pertinent Tribal Ordinance does not establish any private right of action; and
(3) the Tribe is a necessary party that Mr. Jenness failed to name in his motion.
On December 21, 1999, Mr. Jenness, appearing pro se, and Rob Greene, Tribal Attorney and Kim D’Aquila, Assistant Tribal Attorney, argued the Motion to Dismiss. At that hearing, Mr. Jenness submitted a Motion for Joinder, seeking to add the Tribe as a named party, and a Motion to Amend his motion, along with a proposed Amended Motion, adding, inter alia, claims that he has a constitutional right to appeal the Council’s decision. His proposed amended motion also includes the specific allegation that he is a Tribal member.
Tribal Ethical Standards Ordinance § 275(c)(2)(I) describes the scope of the Court’s jurisdiction over an appeal from the Council’s decision in an ethics proceed *80 ing involving a Council member. The Ordinance provides:
“The Tribal Court shall hear appeals of the issuance of such sanctions by the Council, provided, however, the Court’s jurisdiction in such matters is limited to determining whether' the action taken was arbitrary and capricious, in violation of the Tribe’s Constitution or of the Indian Civil Rights Act.”
(Italics added; underlining in Ordinance).
The fatal flaw in Mr. Jenness’s appeal lies in the phrase italicized above. The Court has jurisdiction only when the Council has issued a sanction. Absent such a sanction, the Court has nothing to review because its review is limited to determining “whether the action taken,” i.e., the sanction, “was arbitrary and capricious.” Because no ethical violation was found here and no sanction was imposed, the Court lacks jurisdiction under the plain and unambiguous language of the Ordinance.
If there were any doubt about that reading of the Ordinance—and the Court believes there is none—it would be dispelled by an examination of the immediately preceding section of the Ordinance. Ordinance § 275(c)(2)(H) provides:
“If the Council determines the accused Council Member has viola ted the prohibitions set out in this section, Council shall choose the sanction deemed appropriate, including reprimand, censure (published in the Tribe’s Newsletter), or temporary suspension (not to exceed three (3) months). To be valid and binding, the sanction must be approved by at least five (5) Council members voting on the issue, provided the accused Council member shall not vote in this determination.”
(Italics added; underlining in Ordinance).
This subsection makes it unambiguously clear that a prerequisite to the imposition of any “sanction” is a determination made by the Council that the Council member have “violated the prohibitions” set out in the Ordinance. Absent such a determination, there can be no “sanction.” As noted above, in the underlying Council proceeding, the Council found no ethical violation.
In sum, the Court has no jurisdiction in this matter because its jurisdiction is limited to “appeals of the issuance of such sanctions by the Council,” and no such sanction was imposed here.
Mr. Jenness objects, however, that he has a constitutional right to appeal and that depriving him of that right amounts to an equal protection violation. He is wrong on both counts. “It is well established that there is no constitutional right to an appeal.” City of Klamath Falls v. Winters, 289 Or. 757, 768, 619 P.2d 217 (1980) (citing Lindsey v. Normet, 405 U.S. 56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972)). Instead, “(ajppellate jurisdiction is limited to and springs from statute.” State v. Carmickle, 307 Or. 1, 6, 762 P.2d 290 (1988) (citation omitted). Thus, Mr. Jenness has no constitutional right to appeal. Because no one can appeal when the Council has found no ethical violation and has imposed no sanction, his equal protection argument also must fail. In addition, the decision to allow judicial review only when the Council has found a violation and imposed a sanction easily passes the “rational basis” test. See City of Klamath Falls, 289 Or. at 769-74, 619 P.2d 217; San Antonio Independent, School District v. Rodriguez, 411 U.S. 1, 17, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).
FINDINGS:
The Court finds that it lacks jurisdiction in this matter, and that the case should be dismissed. Because the Court concludes that it lacks jurisdiction, the Court does *81 not reach the other grounds listed in the Tribal Attorney’s Motion to Dismiss. The Court’s conclusion that it lacks jurisdiction also moots Mr. Jenness’s Motion for Join-der and his Motion to Amend his petition.
IT IS HEREBY ORDERED:
Motion to Dismiss is granted. The Motion for Joinder and the Motion to Amend are denied as moot.